HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN BARNES and JUDY BARNES, husband and wife, | Case No. C05-5214 RBL |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| CONTINENTAL TIRE NORTH AMERICA INC. and CONTINENTAL AG, | |
| Defendants. | |

**I.    Introduction.**

This matter comes before the Court on the Defendant's Motion for Summary Judgment [Dkt #60]. Continental AG seeks dismissal based on the expiration of the limitations period. The Court has reviewed the materials submitted in support of, and in opposition to, the summary judgment motion. For the following reasons, the motion is denied.

John Barnes originally filed suit against Continental Tire North America (CTNA) claiming injuries for damages arising out of a bicycle collision that occurred July 20, 2002, in Lewis County. The bicycle was outfitted with a Continental Grand Prix 3000 bicycle tire. Barnes claims the tire failed, causing him to lose control, fall, and suffer injury. On August 6, 2002, the Plaintiff sent the bike tire to CTNA for examination, claiming defect. On September 5, 2002, Barnes received an e-mail from Carolyn Miller,

claims litigation supervisor of CTNA, telling Barnes she was waiting to hear from "our two wheel division." Barnes later received a follow up e-mail on October 14, 2002, stating that the tire was being inspected in Germany. David J. Koudelik, CTNA's insurance agent, e-mailed Plaintiffs on December 9, 2002, stating that the tire had been sent to Continental's "Germany facility where it was examined."

On September 24, 2004, Plaintiffs sued CTNA in Pierce County Superior Court and CTNA answered on January 14, 2005. CTNA denied manufacturing the tire and asserted, as one of several affirmative defenses, non-party entity fault without identifying the manufacturer. On March 21, 2005, CTNA removed the case from Superior Court to this Court. This Notice of Removal was filed five days after CTNA received Plaintiffs' demand letter for damage claims of $130,000, the first indication to Defendant indicating damages in this case exceed the $75,000 threshold for diversity jurisdiction. Defendant at this time also filed a Disclosure of Non-Governmental Corporate Entity stating that Continental AG, a German Public Corporation, owns 99% of defendant CTNA. Plaintiffs were granted leave to amend their complaint to add Continental AG as a defendant on June 7, 2005. On July 28, 2005, Plaintiffs filed their amended complaint and Continental AG was served in Germany pursuant to the protocols of the Hague Convention on November 10, 2005.

Continental AG requests the Court dismiss Plaintiffs' claims, alleging Plaintiffs failed to file the Complaint and serve Continental AG before the applicable statute of limitations had expired. Federal courts look to the forum states's statute of limitations and rules to determine when a suit is commenced. *Walker v. Armco Steel Corporation,* 446 U.S. 740, 100 S. Ct. 1978, 64 L.Ed.2d (1980); *Torre v. Brickley,* 278 F.3d 917 (9th Cir. 2002). The applicable limitations period under Washington law is three years. RCW 4.16.080(2).

Plaintiffs in this case were within the statute of limitations based on the fulfillment of the requirements of both the discovery rule and Fed. R. Civ. P. 15(c).

**II. Discussion**

    **A.   Summary Judgment Standard**.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 160 S. Ct. 2505, 91 L. Ed. 2d 202

ORDER
Page - 2

(1986); Fed. R.Civ. P. 56(c) (1987). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B. The Discovery Rule

The discovery rule operates to toll the date of accrual of the statute of limitations until the plaintiff knows or, through exercise of due diligence, should have known all the facts necessary to establish a legal claim. *Giraud v. Quincy Farm & Chemical*, 102 Wn. App. 443, 6 P.3d 104 (2000). To invoke the discovery rule the plaintiff must show he could not have discovered the facts earlier. *Id*. A person injured by a defective product cannot be said to have discovered the cause of injury until he or she discovers who manufactured or supplied the product. *Orear v. International Paint Co.*, 59 Wn. App. 249, 257, 796 P.2d 759 (1990).

In *Orear,* the Washington Court of Appeals held that a product liability claim could not accrue before the plaintiff knew or with reasonable diligence should have known who manufactured or supplied the defective product. *Orear,* 59 Wn. App. at 253. In this case, given the statements made by CTNA to Barnes in e-mails and declarations, it is not possible to conclude that Barnes knew or should have known the identity of the manufacturer was any company other than CTNA until Plaintiffs were put on notice by Defendant's Answer on January 14, 2005. Thus, based on the discovery rule, the date of the accrual of the limitations period was January 14, 2005, and the amended complaint was filed within the statutory time limit.

### C. Relation Back under Fed. R. Civ. P. 15(c)

An amended pleading adding a defendant party will relate back to the date of the original pleading when: (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or

ORDER
Page - 3

occurrence set forth in the original pleading; (2) the party to be brought in by the amendment receives notice of the institution of the action and the party will not be prejudiced in maintaining a defense on the merits; and (3) the defendant knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party.  Fed. R. Civ. P. 15(c)(3).

The first element is satisfied here because the claim in the amended pleading arose out of the same conduct, transaction, or occurrence set forth in the original pleading.  The second element has also been met.  First, Continental AG received notice both when the company's mechanical engineer and "General Manager Two Wheel Tires," Helmut Ernst, examined the tire in 2002.  Second, Continental AG received notice when the company's insurer, Allianz, apparently opened the claim on behalf of Continental AG in December of 2002.  Although both of these incidents occurred before Plaintiffs filed their complaint, Continental AG was on notice after examining the tire of possible impending litigation relating to their manufactured product.  Given the timing of this notice, Continental AG should not be prejudiced in maintaining a defense on the merits.

The third element, whether Continental AG knew or should have known, but for the mistake in the original complaint naming CTNA, the action would have been brought against their company in Germany, is also satisfied.  Two facts demonstrate the Continental AG knew or should have known of the mistaken identity.  The first is the company's inspection of the tire in 2002, and the second is the fact that Continental AG owns 99% of CTNA.  Thus, the third element is met.

Because the requirements of FRCP 15(c) are met, Plaintiffs' amended complaint naming Continental AG as a Defendant relates back to the date of the original complaint.  That complaint was timely and Continental AG's motion for summary judgment [Dkt #60] is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of June, 2006.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE