HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN BARNES and JUDY BARNES, husband and wife,

    Plaintiffs,

v.

CONTINENTAL TIRE NORTH AMERICA INC. and CONTINENTAL AG,

    Defendants.

Case No. C05-5214 RBL

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

**I.     Introduction**.

    This matter comes before the Court on the Plaintiff's Motion to Strike. [Dkt. #67]. Plaintiff requests the Court strike portions of the proposed testimony of Defendants' expert witness, Helmut Ernst, based upon his assertions that the plaintiff rode a bicycle tire at issue in this case "in an under-inflated/over-deflected condition on perhaps an indoor roller/trainer" and that "the tire [was] damaged by the over deflected operation on an indoor roller." Plaintiffs allege that these assertions are unsupported by factual data and plan to have Plaintiff testify that he has never owned or used an indoor roller trainer. [Dkt. #67, 4:2-4]. Defendants plan to introduce Mr. Ernst's expert testimony and his opinions based on his training and experience as a bicycle engineer and the tests he performed on the tire in question.

    If specialized knowledge will assist the trier of fact to understand the evidence, a witness qualified

ORDER
Page - 1

as an expert by knowledge or skill may testify in the form of an opinion or otherwise, if 1) the testimony is based on sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. Unlike an ordinary witness, an expert is permitted a wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation. *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 592, 113 S.Ct. 2786 (1993). This relaxation of the usual requirement of firsthand knowledge is premised on an assumption that the expert's opinion will have a reliable basis in knowledge and experience in his discipline. *Id*.

Expert opinions must be based on facts which enable the expert to express a reasonably accurate conclusion as opposed to speculation, but absolute certainty is not required. *See Elcock v. Kmart* Corp., 233 F.3d 734, 746 (3rd Cir. 2000); *Greenwalt v. Sun City West Fire Dist.*, 23 Fed. Appx. 650, 652 (9th Cir. 2001). Defendants do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their expert are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable. *In Re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 744 (3rd Cir. 1994). A District Court has broad discretion in determining the admissibility of evidence and considerable leeway in determining the reliability of particular expert testimony under *Daubert*. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167 (1999).

In determining whether expert testimony is sufficiently reliable the Court can consider whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion. *General Electric. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512 (1997). In this case, Defendants' expert witness Mr. Ernst will testify as to his knowledge of tire manufacture and care, as well as the tests he ran on the specific tire at issue. Mr. Ernst's opinion that the tire was run in an "under-inflated/over-deflected condition perhaps on an indoor roller/trainer" is based on the testing he performed on this tire and other tires in the past. [Dkt. #67, Ex. A, 2]. This testimony has a sufficient factual basis - Mr. Ernst states that the tire in this case showed a failure pattern that looked like and was consistent with the tires out of his company's test series involving under-inflated operation on a roller trainer. [Dkt. #73, ¶8]. This is well within the requirements of Fed. R. Evid 702.

Plaintiffs argue that the expert testimony is connected to existing data only by the *ipse dixit* of Mr.

ORDER
Page - 2

1  Ernst. [Dkt. #77, Reply, 2]. In *Kumho*, the Supreme Court concluded that there was nothing in the
2  Federal Rules of Evidence or *Daubert* that required a District Court to admit opinion evidence that is
3  connected to existing data by the *ipse dixit* of the expert. *Kumho*, 526 U.S. at 157. The Court also noted
4  that neither party had argued that the expert in that case would have "concluded in a report to his employer
5  that a similar tire was similarly defective on grounds identical to those upon which he rested his conclusion
6  here." *Id*. In our case, Mr. Ernst's tests using roller trainers were relied on by his employer, Continental
7  AG, in both tire development and in determining how consumers use bicycle tires. [Dkt. #73, Ernst Decl.,
8  ¶5, 9]. Although Defendants have not submitted evidence that this particular type of testing is used by
9  other experts in the field, Continental AG used data from these tests to make important business decisions
10 and the methodology was based on Ernst's years of experience and training as a bicycle engineer.

11       The Court is not required to admit this testimony, but it is within the Court's discretion to do so.
12 The Court finds that Mr. Ernst's expert opinion has sufficient factual support, is based on reliable methods,
13 and he has applied these methods to the facts of the case. Any questions Plaintiff has concerning the
14 credibility of this expert opinion may be asked on cross examination at trial at which time the testimony
15 will be weighted against Plaintiff's contrary evidence. This is the appropriate means for attacking
16 questionable but admissible evidence. *Daubert*, 509 U.S. at 595. Plaintiff's Motion to Strike a Portion of
17 Testimony of Defendants' Expert Witness Helmut Ernst [Dkt. #67] is DENIED.
18 IT IS SO ORDERED.
19       DATED this 24th day of July, 2006.

                                                  RONALD B. LEIGHTON
                                                  UNITED STATES DISTRICT JUDGE